**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles William Kephart, | No. CV-18-08022-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is a stipulation of the parties that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"). In the stipulation, the Government states: "This stipulation constitutes a compromise settlement of Plaintiff's request for attorney fees under the EAJA, and does not constitute an admission of liability on the part of the Commissioner under the EAJA." (Doc. 24).

The Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, but simultaneous disclaimer as to

Plaintiff's entitlement to fees, puts the Court in a difficult position. This case was remanded by stipulation of the parties (Docs. 21 and 22), and this Court has never evaluated either party's positions.

Nonetheless, applying the test as articulated in *Russell*, the Court finds that the Government has failed to prove that its position was substantially justified. 930 F.2d at 1445. Accordingly, the Court finds that Plaintiff is entitled to fees. Therefore,

**IT IS ORDERED** that the stipulation for attorney's fees (Doc. 24) is granted. Plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of $5,923.01.

Dated this 17th day of December, 2018.

James A. Teilborg
Senior United States District Judge